**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

September 22, 2020

LETTER OPINION

    RE:   *Hannah Binks v. Ally Bank*;
            Civil No. SAG-20-496

Dear Plaintiff and Counsel:

    On February 24, 2020, Plaintiff Hannah Binks ("Plaintiff") filed a complaint, *pro se*, alleging violations of Maryland's anti-discrimination and consumer protection statutes by Defendant Ally Bank ("Ally"). ECF 1. Ally has filed a Motion to Dismiss for failure to state a claim ("the Motion"). ECF 7. I have carefully reviewed the Motion, Plaintiff's Opposition, ECF 12, and Ally's Reply. ECF 13. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Motion must be granted.

    The allegations in Plaintiff's Complaint are taken as true for purposes of this Motion. The Complaint alleges that Plaintiff opened an account with Ally in 2017. ECF 1 ¶ 13. At that time, "Plaintiff Hannah Banks had already transitioned to female and all relevant legal documents were in the Plaintiffs [sic] legal name of Hannah." *Id.* ¶ 14. On February 20, 2020, Plaintiff called Ally because she had received an email claiming that her online passcode had been changed. *Id.* ¶ 15. After approximately two hours, during which Plaintiff's call was dropped several times, she reached a "fraud associate" named Kelly. *Id.* ¶¶ 16, 18. After asking a series of security questions, Kelly said, "I don't think I am speaking to Hannah." *Id.* ¶ 19, 20. Plaintiff "explained to the agent that she was transgender and that she had a deep voice." *Id.* ¶ 22. After conferring with her manager, Kelly returned to the line and stated "that Hannah's name did not match her social security number and that additional documents would need to be sent." *Id.* ¶ 23.

    Dissatisfied with the response, Plaintiff placed another call to Ally, and after another lengthy wait, she spoke with a "fraud agent" named Mark. *Id.* ¶ 26, 27. Mark told Plaintiff that a "person would listen to the previous call" and would call Plaintiff back within 48 hours. *Id.* ¶ 29. Mark gave Plaintiff a case number and instructed her to email a copy of her driver's license and Social Security card to the bank. *Id.* ¶ 30. Mark said that the issue would be resolved in one to three days. *Id.* ¶ 30. Plaintiff alleged, "Mark refused to verify me or work to correct the situation with my account being locked."[1] *Id.* ¶ 29. As of the date Plaintiff filed the Complaint, four days after her call to Ally, her account remained locked. *Id.* ¶ 31.

---

[1] The Complaint does not specifically allege when the account became locked, whether a customer service representative ever called her back, or whether Plaintiff sent the information as "Mark"

*Hannah Binks v. Ally Bank*
Civil No. SAG-20-0496
September 22, 2020
Page 2

A defendant is permitted to test the legal sufficiency of a complaint by way of a Rule 12(b)(6) motion. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). Such a motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'"); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see also Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from the facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), cert. denied, 566 U.S. 937 (2012). However, a *pro se* plaintiff's complaint should not be dismissed "unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gordon v.*

---

requested. In Plaintiff's Opposition, she suggests that she did provide the requested information, but the account remained locked for several more days. ECF 12 at 5.

*Hannah Binks v. Ally Bank*
Civil No. SAG-20-0496
September 22, 2020
Page 3

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). As always, *pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Count One of Plaintiff's Complaint alleges a violation of Maryland's Anti-Discrimination Statute, citing her right to be free "from discrimination dealing with public accommodations." ECF 1 ¶ 38. Md. Code, State Gov't § 20-304 prohibits the "owner or operator of a place of public accommodation or an agent or employee of the place of public accommodation" from discriminating on the basis of, *inter alia,* sex or gender identity. However, that law provides that an aggrieved individual may file a complaint with the Maryland Commission on Civil Rights, and that entity is entitled to bring a complaint against the alleged discriminator. Md. Code, State Gov't § 20-1004. Maryland's anti-discrimination law provides a private right of action to individuals subjected to discrimination in employment or housing, but includes no such language with respect to persons alleging discrimination in public accommodations. *See* Md. Code, St. Gov't § 20-1013(a), 20-1035; *see also M.R. ex rel N.R. v. Tajdar*, Civil No. TDC-17-3836, 2018 WL 6050888, at *5 (D. Md. Nov. 19, 2018). Thus, it is evident that the legislature created no private right of action for persons in Plaintiff's position, and her only recourse rests with the Maryland Commission on Civil Rights.[2] Count One therefore must be dismissed with prejudice.[3]

Count Two, Plaintiff's Consumer Protection Act claim, requires "(1) an unfair or deceptive practice or misrepresentation, (2) that is relied upon, and (3) causes them actual injury." *Peete v. Educ. Credit Mgmt. Corp.*, 131 F. Supp. 3d 422, 432 (D. Md. 2015) (quoting *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 796 (D. Md. 2013). To show that a plaintiff relied upon an unfair or deceptive practice or misrepresentation, the plaintiff must allege that "the false or misleading

---

[2] In her Opposition, Plaintiff suggests that she did pursue a remedy through that entity, and that its procedures have been "completed," ECF 12 at 3, but this has no bearing on the outcome here—there is no "administrative exhaustion" provision in the Maryland code.

[3] The Court notes that, even if the statute had provided a private right of action, there is a serious question as to whether allegations in Plaintiff's Complaint fail to state a claim for discrimination in "public accommodation" as defined by Maryland law. Maryland defines "public accommodation" to include lodging establishments, restaurants or other food service establishments, entertainment venues, retail establishments, and other establishments "physically located within the premises of any other establishment covered by this subtitle." Md. Code, State Gov't § 20-301. In other words, there is compelling evidence suggesting Maryland's definition of "public accommodation" is limited exclusively to physical venues (presumably, those located in Maryland). *See Stanford v. Halloway*, Civil No. DKC-16-1355, 2017 WL 1048257, at *3 (D. Md. Mar. 20, 2017) (dismissing a public accommodation complaint that "did not include any reference to any physical space"). Plaintiff's complaint is devoid of any allegation that Ally maintains a physical establishment, and if it does, Plaintiff has not alleged that she experienced any discrimination in that venue, because her allegations relate exclusively to telephonic conversations.

*Hannah Binks v. Ally Bank*
Civil No. SAG-20-0496
September 22, 2020
Page 4

statement substantially induced their choice." *Id.* Here, Plaintiff's complaint simply states the following:

> 44. Unfair acts or practices in conduct of trade om [sic] commerce are unlawful violations of the Maryland Consumer Protection Act. Violations against Maryland Law against discrimination are per se violations of the Consumer Protection Act.
>
> 45. The Defendants [sic] actions constitute an unfair act or practice in trade or commerce and an unfair method of competition that runs contrary to the public interest of Maryland State. The Defendants [sic] actions injured the Plaintiff, and the defendants are therefore liable under the Maryland Consumer Protection Act.

ECF 1 ¶¶ 44, 45. Those allegations do not provide adequate notice to Ally of the nature of Plaintiff's consumer protection claim. The Maryland Consumer Protective Act includes fifteen specific examples of an "unfair or deceptive trade practice," *see* Md. Code Ann., Com. Law. § 13-301, and this Court cannot ascertain, from Plaintiff's generic pleading, what unfair or deceptive trade practice is alleged. *See Simmons v. Jelniker*, 122 F. App'x 623, 626 (4th Cir. 2005) (dismissing Maryland Consumer Protection Act claim for failure to "identif[y] a specific practice by defendants"). No misleading or misrepresentations are articulated in the Complaint—the type of poor, and even potentially discriminatory, customer service alleged by Plaintiff does not, as stated, amount to an unfair or deceptive trade practice. *See Klein v. State*, 52 Md. App. 640, 644 (1982) ("[U]nfair trade practices are identified as misstatements or misrepresentations, made directly to the consumer or by advertisement or telephone solicitation, concerning the quality and availability of goods and services or the expertise and affiliation of merchants."). Further, it is difficult to conceive, under the facts alleged by Plaintiff, how she would be able to establish the required reliance. The facts she described suggest that she was already a customer of Ally at the time of the alleged conversations, and did not take any action, in reliance on any representations made by Ally, to conduct further business with the bank. Nevertheless, out of an abundance of caution, in case there are other facts not presently presented to the Court, Plaintiff's Consumer Protection Act claim will be dismissed without prejudice.

For the reasons set forth herein, Ally's Motion to Dismiss, ECF 7, is GRANTED. The claim in Count One is dismissed with prejudice, and the claim in Count Two is dismissed without prejudice. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge